*ORIGINAL*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

FILED IN CLERK'S OFFICE

| | |
|---|---|
| JOHN MICHAEL MCGOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BILLY JOE MCCURRY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

CIVIL ACTION FILE

NO.: 4:04-CV-052 HLM

## ALLSTATE'S MOTION REQUESTING EXPEDITED PROCEDURE ON ITS MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

COMES NOW, Allstate Indemnity Company ("Allstate"), as the Plaintiff's alleged underinsured or uninsured ("UM") carrier, and files its Motion Requesting Expedited Procedure on its Motion for Summary Judgment and Supporting Memorandum of Law, pursuant to Local Rule 7.2B, and shows this Court as follows:

### STATEMENT OF PROCEEDINGS

The Plaintiff's Complaint was filed in the State Court of Walker County on January 23, 2004. (*See* Plaintiff's Complaint.) Allstate, as the Plaintiff's alleged

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

1



UM carrier, filed its Defenses and Answer and Cross-Claim, as well as its Notice of Removal, on February 18, 2004. (*See* Defenses and Answer of Allstate Indemnity Company and Cross-Claim and Notice of Removal.)

On March 11, 2004, the Plaintiff's counsel forwarded a 60-day time-limited policy limits demand to counsel for Allstate, as well as to counsel for two other alleged UM carriers. (*See* Exhibit "A," attached hereto and hereinafter incorporated by reference). In his letter, the Plaintiff states he will seek to recover "bad faith" penalties if he is not paid Allstate's policy limits. (Id.).

Allstate, however, has valid and legitimate grounds to contest its liability. In a separate pleading filed concurrently with this Motion, Allstate has filed its Motion for Summary Judgment. (*See* Allstate's Motion for Summary Judgment.) As set forth in its Motion, Allstate has no exposure because its UM policy provides excess coverage to the Plaintiff to the extent the Allstate UM limits exceed the UM limits of the primary insurer. Here, the UM limits of the primary insurer, St. Paul, ($1,000,000) exceed the Allstate UM limits ($100,000) and, therefore, the Allstate policy affords the Plaintiff no UM coverage.

## ARGUMENT AND CITATIONS OF AUTHORITY

Generally, any party opposing a motion for summary judgment shall serve

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

the party's response not later than 20 days after the service of the motion. (*See* LR 7.1B, ND Ga.). A reply by the movant is permitted, and must be filed no later than 10 days after service of the opposing party's response. (*See* LR 7.1C, ND Ga.). However, upon written motion and with a showing of good cause, this Court may waive the above time requirements on any matter requiring such expedited procedure. (*See* LR 7.2B, ND Ga.).

Allstate's Motion for Summary Judgment was served on the Plaintiff on April 14, 2004. (*See* Allstate's Motion for Summary Judgment.) Pursuant to Local Rule 7.1B, the Plaintiff would generally have until May 4, 2004 to file a response. Allstate's reply, if any, would not be due until May 14, 2004.

However, the deadline for Allstate to respond to the Plaintiff's 60-day time-limited policy limits demand is May 11, 2004. (*See* Exhibit "A"). Pursuant to Local rule 7.2B, Allstate respectfully requests that this Court shorten the time requirements of Local Rule 7.1B and direct the Plaintiff to file his response to Allstate's Motion for Summary Judgment, including its Statement of Material Facts, by April 23, 2004. Allstate further requests that this Court shorten the time requirements of Local Rule 7.1C and direct Allstate to file its reply, if any, by April 28, 2004. Allstate does not request a hearing on its Motion for Summary

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

Judgment.

There is good cause to expedite court procedure in the above manner. By making a time limited demand, the Plaintiff seeks to limit Allstate's rights and ability to contest and litigate coverage issues. Moreover, the Plaintiff threatens to seek "bad faith" penalties if his time limited demand is not met. Allstate should be permitted to litigate the merits of the coverage issues raised in its Motion. Allstate should not be forced to decide whether to raise its valid coverage defenses or to respond to the Plaintiff's threats to seek "bad faith" damages. Expediting the time to respond and reply to Allstate's Motion will ensure that both parties have the opportunity to file the appropriate responsive pleadings prior to the expiration of the Plaintiff's 60-day time-limited policy limits demand on May 11, 2004 and, thereby, allow both parties to litigate the merits of Allstate's coverage defenses. [1]

Allstate simply seeks a ruling on its Motion for Summary Judgment prior to May 11, 2004, when the Plaintiff's demand is set to expire. As set forth in Allstate's Motion for Summary Judgment, under the terms of its policy and the

---

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

[1] Allstate will withdraw the present Motion Requesting Expedited Procedure in the event the Plaintiff will agree that the time limit set forth in its demand letter is extended or tolled until the pending Motion is resolved.

4

undisputed facts, there is no coverage under the Allstate UM policy for the Plaintiffs' claims. The above expedited procedure would provide the Court with time in which to consider Allstate's Motion for Summary Judgment, as well as any and all responsive pleadings. The expedited procedure requested above would also provide the Court with an opportunity to issue a ruling on Allstate's Motion for Summary Judgment prior to May 11, 2004.

### CONCLUSION

This Court may waive the time requirements on any matter requiring such expedited procedure. *See* LR 7.2B. Allstate respectfully requests this Court waive the time requirements of Local Rule 7.1B and Local Rule 7.1C, and direct the parties to comply with the expedited procedure requested above. Expediting the time for the Plaintiff to respond and reply to Allstate's Motion would allow the parties to litigate the issues raised in Allstate's Motion and for the Court to issue a ruling on Allstate's Motion for Summary Judgment prior to the expiration of the Plaintiff's 60-day time-limited demand on May 11, 2004.

WHEREFORE, based on the authority granted to this Court pursuant to Local Rule 7.2B, Allstate respectfully requests the Court issue an Order directing the parties to comply with the expedited procedure as set forth above.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

Respectfully Submitted,

**DOWNEY & CLEVELAND, LLP**

**SEAN L. HYNES**
Georgia State Bar Number 381698
Attorneys for Allstate Indemnity Company

# RICHARD D. HOBBS
## & ASSOCIATES

### Attorneys at Law

101 Devant Street, Suite 403
Fayetteville , GA 30214

Office: 770-716-0200
Fax: 770-716-6270

MAR 1 5 2004

March 11, 2004

### *VIA CERTIFIED MAIL–RETURN RECEIPT REQUESTED*

Hall, Booth, Smith & Slover, P.C.
Attn: Alexander H. Booth/Beth W. Kanik, Attorneys for USF&G and St. Paul
1180 West Peachtree Street, N.W.
Atlantic Center Plaza, Suite 900
Atlanta, GA 30309-3479

Downey & Cleveland, LLP
Attn: Sean L. Hynes, Attorney for Allstate
288 Washington Avenue
Marietta, GA 30060

Fain, Major, Wiley & Brennan
Attn: Alexander Gordon, Attorney for Auto Club Ins. Group of Michigan
100 Glenridge Point Parkway, Suite 500
Atlanta, GA 30342

> re:   John Michael McGow v. Billy Joe McCurry
>        State Court of Walker County; Civil Action No.: 04CV5106

Dear Sirs and Madams:

We realize that for the longest time, due to the complex nature of this case, it was uncertain as to which insurance company was the primary uninsured motorist carrier. My understanding is that St. Paul has a one million dollar policy and AAA and Allstate both carry a $100,000.00 policy. I have had numerous discussions with all of the adjusters, and there have been many, and with the appropriate attorneys. I have found that no one seems to be in agreement over who should be the primary carrier, or even knows if insurance is available.

Considering that over 6 months ago, I sent the appropriate information regarding this claim to all parties, I would have concluded that these concerns would have already been addressed. However, as of this date, I find that no one is ready to discuss which coverage is primary, which coverage(s) are not applicable, or even if certain policy restrictions may apply.

Therefore, I am forced to file this formal request to all of the parties pursuant to Georgia Law. If applicable, my client will be entitled to additional compensation for the obvious failure to act

email: richard@mygeorgiaattorney.com • www.mygeorgiaattorney.com

**EXHIBIT "A"**

Page 2
March 11, 2004

within the confines of the good faith he is entitled to under Georgia's third party beneficiary rule.

Please understand that I have provided a very detailed settlement package to all of the appropriate insurance companies back in September of 2003. I was never asked to add any additional documentation. Therefore, I can and will assume that the only reasonable conclusion as to why there has been no response is that you have acted in bad faith. My client is severely injured. You continue to malinger around contrite excuses over what a policy may or may not say, or over what laws are applicable. Six months is long enough to determine these matters.

Please be advised, we have now filed suit and served Allstate, AAA (Auto Club Insurance Group of Michigan) and St. Paul as appropriate uninsured/underinsured motorist carriers pursuant to Georgia Law.

**We now assert our aggregate policy limits demand pursuant to O.C.G.A. § 33-7-11(j). We demand that pursuant to the statute, the policy limits be paid to our client within 60 (sixty) days of your receipt of this demand.**

Should you refuse to honor this 60 day demand, in light of the facts and supporting documentation that are in your possession, there is a very substantial likelihood that Allstate, AAA and St. Paul will be found liable for bad faith in a subsequent action and be required to pay up to 25% (twenty-five percent) of the original judgment, in addition to the judgment itself, plus all attorney's fees and costs. *See* State Farm Mutual Automobile Insurance Company v. Lorenz, 202 Ga.App. 123, 413 S.E.2d 782 (1991); Lewis v. Cherokee Ins. Co., 258 Ga. 839, 375 S.E.2d 850 (1989).

We expect that you will govern yourselves accordingly. Should you have any questions or concerns about this matter, please feel free to contact our office at your convenience.

With warmest regards,

Richard D. Hobbs

RDH/aes

## **CERTIFICATE OF SERVICE**

This is to certify that I have provided opposing counsel with a true and complete copy of the foregoing pleading by depositing same in the United States Mail with sufficient postage thereon to ensure delivery, properly addressed as follows:

Richard D. Hobbs, Esq.
RICHARD D. HOBBS & ASSOC.
101 Devant St., Suite 403
Fayetteville, GA 30214

Billy Joe McCurry
1077 Lofton Lane, Apt. 8
Chickamauga, GA 30707

Alexander Gordon, Esq.
FAIN, MAJOR, WILEY & BRENNAN
100 Glenridge Point Pkwy., Suite 500
Atlanta, Georgia 30342

Beth W. Kanik, Esq.
HALL, BOOTH, SMITH & SLOVER
1180 West Peachtree Street, NW
Atlantic Center Plaza, Suite 900
Atlanta, Georgia 30309-3479

This 14th day of April, 2004.

DOWNEY & CLEVELAND, LLP

By: _____
SEAN L. HYNES
Ga. State Bar No. 381698
Attorneys for Allstate Indemnity Company