

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

John Michael McGow,

    Plaintiff,

v.                        CIVIL ACTION FILE
                            NO. 4:04-CV-0052-HLM

Billy Joe McCurry,

    Defendant.

### ORDER

This case is before the Court on Movant Auto Club Insurance Group of Michigan's Motion to Remand [3].

On February 20, 2004, Movant Allstate Indemnity Company ("Allstate") removed this case to this Court, claiming that diversity jurisdiction existed. Defendant, however, is a Georgia resident.

On April 1, 2004, Movant Auto Insurance Group of Michigan ("Auto Insurance Group") filed its Motion to Remand. Auto Insurance Group argues that the removal of this case is improper because Defendant is a Georgia resident.

28 U.S.C.A. § 1441 governs removal of cases. 28 U.S.C.A. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of

1

>   the United States shall be removable without regard
>   to the citizenship or residence of the parties.
>   Any other such action shall be removable only if
>   none of the parties in interest properly joined and
>   served as defendants is a citizen of the State in
>   which such action is brought.

28 U.S.C.A. § 1441(b). Because the Complaint alleges that Defendant is a resident of Georgia, Allstate's Notice of Removal was improper under the "forum defendant rule" of § 1441(b). Id.

28 U.S.C.A. § 1447(c) provides for motions to remand, and states, in relevant part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Auto Insurance Group filed its Motion to Remand more than thirty days after Allstate filed its Notice of Removal. The Motion to Remand thus is untimely unless it pertains to any defect other than lack of subject matter jurisdiction.

Although the Eleventh Circuit has not determined whether the forum defendant rule is a matter of subject matter jurisdiction, the majority of courts that have addressed this issue have concluded that the forum defendant rule is "a 'defect other than lack of subject matter jurisdiction.'" Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1374 & n.8 (N.D. Ga. 2003) (collecting cases). Consequently, the majority of courts find that a party seeking to remand an

2

action on the basis of the "forum defendant rule" waives the right to remand a case if the party does not file a motion to remand within thirty days after the filing of the notice of removal. Id.

The Court finds that the majority approach is well-reasoned and sound. The Court therefore adopts the majority approach, and concludes that the forum defendant rule is not a defect pertaining to subject matter jurisdiction. Consequently, a motion to remand based on the forum defendant rule must comply with the thirty-day period set forth in 28 U.S.C.A. § 1447(c). Id. at 1375.

Because Auto Insurance Group failed to file its Motion to Remand within thirty days after Allstate filed its Notice of Removal, the Motion to Remand is untimely under § 1447(c). The Court therefore denies the Motion to Remand.

ACCORDINGLY, the Court **DENIES** Movant Auto Club Insurance Group of Michigan's Motion to Remand [3].

IT IS SO ORDERED, this the 27 day of April, 2004.

_____
UNITED STATES DISTRICT JUDGE