**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. –

MAY 2 0 2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF GEORGIA
## ROME DIVISION

John Michael McGow,                      :
                                         :
     Plaintiff,                         :
                                         :
                                         :    Civil Action File
                                         :    No. 4-04-CV-052 HLM
v.                                       :
                                         :
Billy Joe McCurry,                       :
                                         :
     Defendant.                         :

## UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY AND ST. PAUL FIRE & MARINE INSURANCE COMPANY'S RESPONSE/OBJECTION TO AAA INSURANCE GROUP OF MICHIGAN'S MOTION FOR SUMMARY JUDGMENT

COME NOW, United States Fidelity and Guaranty Insurance Company[1] and St. Paul Fire & Marine Insurance Company ("St. Paul"), having specially appeared, and files this their Response/Objection to AAA Insurance Group of Michigan's ("AAA") Motion for Summary Judgment, showing this Court the following:

---

[1] United States Fidelity and Guaranty Corporation ("USF&G") has moved to dismiss since at all times pertinent, it was a non-existent entity. In 1998, USF&G merged into St. Paul Fire & Marine Insurance Company. The policy at issue was issued by St. Paul in 2001. USF&G has filed a motion to dismiss on that basis prior to notice of removal. The motion is pending. Although USF&G remains a party, this motion refers to St. Paul exclusively.

# I.    STATEMENT OF FACTS

St. Paul controverts AAA's statement o facts as inaccurate and incomplete.  St. Paul incorporates by reference the statement of facts contained within its own Brief in support of cross-motion for summary judgment and its recitation of the facts contained within St. Paul's brief in response to Allstate's Motion for Summary Judgment.

In their Statement of Facts, AAA alleges that Plaintiff John Michael McGow ("Plaintiff"), a passenger, was injured when the car driven by Defendant Billy Joe McCurry collided with the car within which Plaintiff was riding. (AAA's Brief at p. 2. The vehicle within which Plaintiff was riding is referred to as "McGow vehicle").  This is inaccurate.  Plaintiff was allegedly injured when McCurry's car rear ended the trailer which was towed by the McGow vehicle (Police report).

AAA's Statement of Facts is also incomplete to the extent that it fails to reference any contact between Plaintiff's counsel and AAA prior to receipt of the certified letter, or discuss whether or not AAA has implicitly accepted coverage of this matter through payment of PIP benefits to Plaintiff since March 2002.[2]

---

2 St. Paul has no knowledge as to whether or not any contact between AAA and Plaintiff's counsel preceded the mailing of the summons and Complaint such that AAA acquiesced to service in this manner.  However, upon information and belief, Plaintiff's PIP benefits have been paid by AAA.

## II.   ARGUMENT AND CITATION OF AUTHORITY

AAA puts forth three arguments in favor of dismissal.  First, AAA asserts that it should be dismissed from this case based upon improper service of process (AAA's Brief, p. 5 - p.10).  Secondly, AAA alleges that its Policy does not provide coverage (AAA's Brief, p. 11), since Georgia is required to apply Michigan law to this case since AAA's policy was issued and delivered in Michigan (AAA's Brief, p. 11 - p. 16).  Further, AAA argues that it should be dismissed since its policy contains a "no liability" clause (AAA's Brief at p. 15 – p. 16).

A.   AAA Should Not Be Dismissed Based Upon Lack of Jurisdiction Based Solely Upon AAA's Argument

The merits of AAA's argument may depend on the discussions between AAA and Plaintiff's counsel and whether, through those discussions, Plaintiff's counsel was led to believe that Richard T. White ("Mr. White"), VP and Secretary to whom the summons and complaint were addressed, would accept service in this manner.  There is no affidavit attached to AAA's motion from Mr. White attesting to the fact that he never acquiesced to service in this manner.[3]  St. Paul presumes this issue and the discussion between AAA and Plaintiff's counsel will be fully discussed in Plaintiff's

---

3 AAA attached an affidavit from Darryl Webb which is incomplete.  Although Mr. Webb states that he is the manager for underwriting, it does not state that he was the manager of underwriting at the time the AAA policy was issued to Plaintiff or that AAA did not transact business in Georgia at the time of the occurrence.

3

response to AAA.  Suffice it to say, O.C.G.A. § 9-11-4 discusses the many types of service permissible in Georgia of a corporation.[4]  Normally, service on a non-resident corporation by registered mail is not recognized as permissible.  <u>Tomlin v. White Dairy Ice Cream</u>, 13 F. Supp. 2d 1354 (D.C. Brunswick Div.) 1997; <u>ABE Engineering Co. v. Travelers Indemnity Co.</u>, 210 Ga. App. 551 (1993).

Assuming that service was proper based on the discussions between the parties, then the Court should then deny dismissal on that basis.

B.   <u>AAA Should Not Be Dismissed Based Upon Its Conduct and Based Upon Georgia Law</u>

Upon information and belief, Plaintiff has received PIP benefits for his injuries pursuant to the AAA policy.  If this belief is inaccurate, St. Paul encourages AAA to say so.[5]  If, however, this belief is accurate, then clearly AAA's statements that it does not provide coverage is belied by such conduct.

Georgia traditionally adheres in diversity actions to the law of the forum within which the Court sits.  <u>Broyles v. Bayless</u>, 878 F.2d 1400 (11th Cir. 1989).  AAA's Brief correctly notes that in when a pleading contract is executed in a foreign state, Georgia will apply the rule of rule of lex loci contractus, or the law of the state of intended

---

4 Once the defense of insufficiency of service is asserted in the Answer, the Plaintiff is then obligated to exercise the greatest possible diligence in serving the Defendant.  <u>Ingraham v. Marr</u>, 246 Ga. App. 445 (2000).  Whether or not

performance. <u>Terry v. Mays</u>, 161 Ga. App. 328 (1986).[6]  However, <u>Terry</u> allows that

in certain circumstances, Georgia law will nonetheless be applied. <u>Id</u>; <u>c.f.</u> <u>Howard v.</u>

<u>Doe</u>, 174 Ga. App. 415 (1985).[7]

St. Paul and AAA disagree in their respective interpretations of <u>Convergys</u>

<u>Corporation v. Keener</u>, 276 Ga. 808 (2003).  AAA's Brief states that before applying

Georgia law, a "necessary predicate was first ascertaining that there were significant

contacts with the state of Georgia such that the choice of our law was neither arbitrary

nor constitutionally impermissible" (AAA Brief at p. 13).  AAA implies that the test is

one of "quantity" as opposed to "quality".  <u>Convergys</u> offers no opinion on "necessary

predicates," other than requiring a finding that under the circumstances presented in

<u>Convergys</u>, application of Georgia law was neither arbitrary nor constitutionally

impermissible.  <u>Convergys,</u> 276 Ga. at 810.

---

such diligence was met is a matter of discretion for the trial court. <u>Id.</u> at 447.  Although it appears that service was effectuated through mail, St. Paul does not know if service was effectuated through any other method.
5 This belief is based upon discussions between the parties.
6 It is acknowledged that the court will also look at whether there is any language in the contract indicating that the contract would be considered a "Georgia contract".  <u>Terry</u>, 161 Ga. App. at 329 citing to <u>Trustees of Georgia Hosp. v. Nisbit</u>, 189 Ga. 807 (1940).  (However, <u>Nisbit's</u> discussion was in the context of a contract demonstrating an obligation of payment, and not a contract of insurance issued by a carrier that does business in more than one state).  In <u>General Tel. Co. v. Trimm</u>, 706 F.2d 1117, 1119 (11th Cir. 1983), the eleventh circuit discussed the location of the final act of "consummating the bargain" as determinative for conflict of laws purposes.  However, St. Paul is unaware of any decision which applies the same reasoning in a UM (insurance contract) context.
7 Judge Benham, writing for the majority in <u>Brown</u>, noted that there was no showing of any prejudice to the public interest.  This is unlike this case, in which prejudice is shown.  Herein, the insurer which received premiums for its coverage would avoid payment, while an insurer which did not have any relationship to Plaintiff would possibly face primary exposure.

Further, a review of the Court's opinion in <u>Allstate Ins. Co. v. Hague</u>, 229 U.S. 302 (1981) reveals that the Court shied away from utilizing a numerical approach in construing the contacts necessary in conflict of laws analysis.  It is up to the trial court's discretion in examining the contacts with the State between the parties and the occurrence.  The trial court should not abide by any rote analysis.  <u>Hague</u>, 229 U.S. at 311.

AAA's Brief fails to demonstrate that application of Georgia law under the circumstances presented would either be unconstitutional or unfair.

Herein, review of the AAA policy does not reveal that AAA and Plaintiff chose Michigan's laws to govern their rights in a case such as this.  Indeed, AAA has opposed transfer of this matter to this Court, seeking instead that a Georgia state court rule.[8]

AAA's Brief also fails to address the interests of Georgia and that the effect of Michigan's law on these interests.  In fact, the only reason that AAA is seeking to utilize Michigan law is to escape any responsibility for coverage, in spite of its "other insurance" provision to the contrary (AAA Brief, p. 14-p.15) (<u>see</u> discussion, <u>infra</u>).

---

8 AAA's petition to remand this case back to State Court, Walker County, was denied.

AAA's Brief fails to address the issue that if Georgia law was applied to this case, then it would be responsible for fulfilling its duties by contract in providing coverage to Plaintiff.

Georgia has long established the rule that "other insurance" provisions among multiple UM carriers are stacked according to the "receipt of premium test". Specifically, Georgia courts have determined, "where receipt of a premium from the ~~injured insured is shown to exist, it is controlling to the exclusion of consideration of~~ any other factors which might be present." Continental Ins. Co. v. Southern Guaranty Ins. Co., 193 Ga. App. 395, 398 (1989). This would be true even in the context of a contrary "other insurance" clause. Id.; see also, National General Ins. Co. v. United Services Auto. Assn., 224 Ga. App. 821 (1997); Allstate Ins. Co. v. Fire & Casualty Ins. Co., 181 Ga. App. 610 (1987).

Application of the "receipt of premium" test results in AAA bearing its true burden since Plaintiff paid his premiums to AAA in consideration of an injury caused by an uninsured motorist. Plaintiff never intended that such a burden be avoided by AAA in favor of a carrier with whom he had pre-existing relationship. St. Paul received no premiums from Plaintiff, had no relationship with Plaintiff, and should not bear what should otherwise be AAA's burden.

7

C.    AAA's Policy Does Not Contain Any Enforceable Escape Clause

AAA's Policy contains an other insurance clause which states that, "If there is other UM coverage with us or any other insurer for a loss covered by this Part, we will only be liable to pay for the damages recoverable in the same proportion that the applicable limits of liability of this coverage bears to the sum of all the applicable limits of liability that bears to the sum of all the applicable limits of liability that cover the loss. However, we will not be liable under this coverage to pay more than our proportionate share..." (AAA Policy IV, p. 10).  Contrary to AAA's Brief, this "other insurance" clause does not provide there to be no liability if the risk is covered by other insurance.

Accordingly, AAA's motion should be denied.

### III.    CONCLUSION

For the reasons stated herein, AAA's motion for summary judgment should be dismissed.

This _19th_ day of May, 2004.

Respectfully Submitted,

**HALL, BOOTH, SMITH & SLOVER, P.C.**

_Alexer H Boo/Bcn_

ALEXANDER H. BOOTH, ESQ.
Georgia Bar Number 067899

_Beth KL_

BETH W. KANIK, ESQ.
Georgia Bar Number 406346

Attorneys for USF&G & St. Paul

1180 West Peachtree Street, N.W.
Atlantic Center Plaza, Suite 900
Atlanta, Georgia  30309-3479
(404) 954-5000; Fax (404) 954-5020

## IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF GEORGIA
## ROME DIVISION

John Michael McGow,                    :
                                       :
      Plaintiff,                      :
                                       :
                                       :   Civil Action File
                                       :   No. 4-04-CV-052 HLM
v.                                     :
                                       :
Billy Joe McCurry,                     :
                                       :
      Defendant.                      :

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have served a copy of the above and foregoing **United States Fidelity and Guaranty Insurance Company and St. Paul Fire & Marine Insurance Company's Response/Objection to AAA Insurance Group of Michigan's Motion for Summary Judgment** upon all counsel listed below by depositing a true copy of same in the United States Mail, in a properly addressed envelope with adequate postage thereon.

Richard D. Hobbs, Esq.
Amy E. Smith, Esq.
Richard D. Hobbs & Associates
101 Devant Street, Suite 403
Fayetteville, GA 30214

Sean L. Hynes, Esq.
Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060

Alex Gordon, Esq.
Fain Major Wiley & Brennan
100 Glenridge Point Parkway
Suite 500
Atlanta, GA 30342

Mr. Billy Joe McCurry
1077 Lofton Lane, #8
Chickamauga, GA 30707

This ___19th___ day of May, 2004.

Respectfully Submitted,

**HALL, BOOTH, SMITH & SLOVER, P.C.**

BETH W. KANIK, ESQ.
Georgia Bar Number 406346

Attorney for USF&G & St. Paul

1180 West Peachtree Street, N.W.
Atlantic Center Plaza, Suite 900
Atlanta, Georgia  30309-3479
(404) 954-5000; Fax (404) 954-5020